Davidson-Boutell Company v. Commissioner.
Davidson-Boutell Co. v. Commissioner
Docket No. 111958.
United States Tax Court
1943 Tax Ct. Memo LEXIS 198; 2 T.C.M. (CCH) 449; T.C.M. (RIA) 43342; July 13, 1943
*198 Petitioner's promise in a trust indenture to set aside, on or before a date after the close of the taxable year, a stated amount of its earnings for such taxable year, held not to constitute an irrevocable setting aside of funds to retire indebtedness, within the purview of section 27(a)(4) of the Internal Revenue Code and Regulations 103, section 19.27(a)-3(b). Denver A. Busby, C.P.A., 120 S. La Salle St., Chicago, Ill., for the petitioner. George E. Gibson, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The respondent determined a deficiency in income tax for the fiscal year ended August 31, 1940 in the amount of $575, and by amended answer claimed an increased deficiency in alternative amounts. The deficiency resulted from the disallowance in part of a dividends paid credit. The facts have been agreed to by the parties and we are asked to decide the legal question presented. In order to understand that question a brief summary of the pertinent facts will be necessary. [The Facts] The petitioner is a corporation organized under the laws of Delaware and with its principal place of business in Kansas City, Missouri. It kept its books on the accrual *199 basis of accounting and filed its income tax returns on the same basis. Its return for the fiscal year ended August 31, 1940 was filed with the Collector of Internal Revenue for the sixth district of Missouri. During the taxable year petitioner had bonds outstanding under a trust indenture dated December 1, 1936, which required it to pay to the sinking fund trustee a fixed amount of $30,000 on or before the 15th day of November of each year and a further sum out of its net earnings, if any, but not otherwise, as follows: November 15, 1938
$10,000
November 15, 1939
20,000
November 15, 1940
30,000
November 15, 1941 to and
including November 15,
1945
30,000 for each year The net earnings of petitioner for the fiscal year ended August 31, 1940 were sufficient in amount to require it to pay to the trustee the sum of $30,000 out of its earnings in addition to the fixed amount of $30,000. During petitioner's fiscal year ended August 31, 1939, it paid to the trustee $40,000 in settlement of its fixed and contingent liability required to be paid on or before November 15, 1938, and also $50,000 which was not required to be paid until November 15, 1939. The next payment to the *200 trustee was made on April 25, 1940, which fell within the taxable year, in the amount of $30,000, being a part of the payment required to be made on November 15, 1940. On October 24, 1940, after the close of the taxable year, petitioner paid to the trustee an additional $30,000, thus completing the payment required to be made on or before November 15, 1940. On April 27, 1939, petitioner purchased one of its bonds having a face value of $1,000, and on September 1, 1939, this bond was held as an asset in petitioner's treasury. During the fiscal year ended August 31, 1940, petitioner purchased six bonds, each having a face value of $1,000. These bonds in the face amount of $7,000 were all held as assets in petitioner's treasury on August 31, 1940. On October 20, 1941, these seven bonds were turned over to the trustee as part payment pursuant to the obligation of the indenture. The respondent allowed as a dividends paid credit $37,000, made up of the $30,000 cash paid to the sinking fund trustee on April 25, 1940 and $7,000 covering bonds purchased for retirement. Respondent now contends that he erred in allowing as a credit the one $1,000 bond purchased during the fiscal year ended *201 August 31, 1939 and that proper credit should be $36,000. The petitioner asks for a credit in the amount of $60,000. [Opinion] The controlling statute is section 27(a)(4) of the Internal Revenue Code. [1] This section has been implemented by the Commissioner's Regulations 103, section 19.27(a)-3. So far as material here the Regulations reads as follows: (b) Amounts used or irrevocably set aside. - The credit is allowable, in any taxable year, only for amounts used or irrevocably set aside in that year. The use or irrevocable setting aside must be to effect the extinguishment or discharge of indebtedness. The issuance of a renewal obligation will, therefore, not result in an allowable credit. If amounts are set aside in one year, no credit is allowable for such amounts for a later year in which actually paid. As long as all other conditions are satisfied, the aggregate amount allowable as a credit for any taxable year includes all amounts (from whatever source) used and, as well, all amounts (from whatever source) irrevocably set aside, irrespective of whether in cash or other medium. Double credits are not permitted. *202 The sole question is what sum or sums were paid or irrevocably set aside within the taxable year ended August 31, 1940. While admitting that no greater sum than that conceded as a credit by the respondent was, in fact, paid or set aside on the books of the company, petitioner argues that the indenture of trust by its terms served to irrevocably set aside the full sum required to be paid out of the earnings, to wit, $30,000, and as this sum was thereafter paid to the trustee the credit must be allowed. We cannot agree with this reasoning. The fact that a contract calls for payment of an indebtedness at a certain time does not mean that the indebtedness is paid at that time, nor may it be said that a sum to pay the indebtedness when due has been irrevocably set aside simply because the contract required that such action be taken. Only so much as was actually paid or set aside within the taxable year may be allowed as a credit and that sum did not exceed $36,000. See L. O. Koven & Brother, Inc., 47 B.T.A. 467, affd. per curiam January 11, 1943; Securities Co. of New Jersey, 45 B.T.A. 1048. The conclusion herein reached *203 limits the credit to $36,000 and makes unnecessary a consideration of respondent's alternative issue that no credit should be allowed for the bonds purchased within the taxable year for retirement. Decision will be entered under Rule 50. Footnotes
1. Amounts used or irrevocably set aside to pay or to retire indebtedness of any kind, if such amounts are reasonable with respect to the size and terms of such indebtedness. As used in this paragraph the term "indebtedness" means only an indebtedness of the corporation existing at the close of business on December 31, 1937, and evidenced by a bond, note, debenture, certificate of indebtedness, mortgage, or deed of trust, issued by the corporation and in existence at the close of business on December 31, 1937, or by a bill of exchange accepted by the corporation prior to, and in existence at the close of business on such date. Where the indebtedness is for a principal sum, with interest, no credit shall be allowed under this paragraph for amounts used or set aside to pay such interest. A renewal (however evidenced) of an indebtedness shall be considered an indebtedness.↩